854 P.2d 137

**STATE of Arizona, Appellee,**

v.

**John William CHURCH, Appellant.**

**No. 1 CA–CR 91–1257.**

Court of Appeals of Arizona, Division 1, Department D.

March 18, 1993.

Redesignated as Opinion and Publication Ordered May 11, 1993.

---

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Randall M. Howe, Asst. Atty. Gen., Phoenix, for appellee.

Neal Bassett, Phoenix, for appellant.

## OPINION

TOCI, Presiding Judge.

A jury convicted defendant of one count of aggravated driving with a suspended license while under the influence of intoxicating liquor. In this appeal, he raises two errors not objected to below. First, he argues a comment by the prosecutor in closing argument *affirming* defendant's right not to testify violates both the constitutional and statutory bans on comment on

a defendant's exercise of the Fifth Amendment privilege and constitutes fundamental error requiring reversal of his conviction. Second, he argues that the statutory presumption that service of a notice of suspension or revocation of a driver's license is complete upon mailing violates due process. He contends that Ariz.Rev.Stat.Ann. ("A.R.S.") sections 28–692.02(B) and 28–453 presume the impossible; that is, that mailing results in simultaneous receipt by a driver.

We conclude that the statutory presumption that service of notice of revocation of a driver's license is complete on mailing as we apply it does not violate due process. Furthermore, while we do not approve of the prosecutor's remarks, they nevertheless do not constitute reversible error. Although we affirm the conviction and sentence, we strongly advise against any prosecutorial comment of this nature.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 1990, defendant's car collided with another car already stopped for a red light at an intersection. The police arrived. After detecting a strong odor of alcohol on defendant and his slurred speech and observing defendant's profuse perspiration and impaired balance, an officer administered two field-sobriety tests. Defendant failed both tests, refused to submit to any others, and was arrested. He later refused to give a blood sample for alcohol testing. He was indicted for aggravated driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor or drugs at a time when his driver's license was suspended, canceled, revoked or refused, a class 5 felony.[1]

In order to prove defendant's license had been suspended at the time of the offense, an employee of the state motor vehicle division testified at trial that a notice of suspension had been mailed to defendant. The mailing occurred on December 24, 1990, seven days before defendant's arrest.

The jury found defendant guilty. The court suspended sentence and placed him on probation for three years on the condition defendant serve ten months in prison. The court also ordered restitution in the amount of $4,727.39; payment to the victim compensation fund in the amount of $180.00; and 360 hours of participation in the work order program.

## DISCUSSION

### A. Prosecutor's Comment on Defendant's Right Not to Testify

■ We hold that the prosecutor's remarks did not constitute reversible error. Such remarks affirmed the defendant's right to silence and did not urge the jury to draw an unfavorable inference against the defendant for refusing to testify.

In closing argument, without objection by the defense, the prosecutor stated:

When counsel has had an opportunity to argue to you why you should find reasonable doubt ... I can address you again. And the reason that I can is because the State's got the burden of proof. The defendant does not. The defendant need not prove anything. He is presumed to be innocent until or unless you ... find otherwise.... He need not testify, and this is not something that you should consider in deliberations on this case, because it is a right that he has. The State totally agrees with that.

The state argues that defendant waived the opportunity to challenge the prosecutor's remarks by failing to object at trial. "Opposing counsel must timely object to any erroneous or improper statements made during closing argument or waive his right to the objection, except for fundamental error." *State v. Cook,* 170 Ariz. 40, 51, 821 P.2d 731, 742 (1991), *cert. denied,* — U.S. ——, 113 S.Ct. 137, 121 L.Ed.2d 90 (1992). On the other hand, defendant insists that the remarks are a prohibited comment on the defendant's Fifth Amendment privilege and constitute fundamental error. Thus, according to defense counsel, the failure to object did not waive the error. Because we

---

**1.** *See* A.R.S. §§ 28–692.02 (now § 28–697) and 28–692(A)(1).

find no error, we need not decide whether the defendant waived his right to object or whether the prosecutor's remarks constituted fundamental error.

■ The Fifth Amendment, Article 2, section 10 of the constitution, and A.R.S. section 13-117(B) prohibit the prosecution from using *against a defendant* his refusal to testify. *See Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (jury cannot infer guilt from defendant's failure to testify). A comment on defendant's right to silence violates these prohibitions if it is adverse, in that it supports an unfavorable inference against the defendant, and if it operates as a penalty for the exercise of a defendant's constitutional right. *State v. Schrock*, 149 Ariz. 433, 438, 719 P.2d 1049, 1054 (1986); *accord Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978) (trial court's giving of a "no inference from silence" instruction over defendant's objection not constitutional error; Fifth and Fourteenth Amendments prohibit only adverse comments).

Here, the remarks simply affirmed the defendant's right not to testify at trial. They were not adverse; they did not urge the jury either to draw an unfavorable inference or to impose a penalty on defendant for the exercise of the right to silence. Therefore, the remarks did not violate the Fifth Amendment, our constitution, or A.R.S. section 13-117(B).

Nevertheless, our holding should not be read as approving the prosecutor's remarks. To the contrary, we disapprove of the prosecution drawing attention to a defendant's exercise of the right to silence. In other circumstances, if these or similar remarks contribute to or significantly affect the verdict, they might constitute fundamental error requiring reversal.

### B. Constitutionality of Presumption of Notice

■ We hold that the inferred fact of receipt of notice of revocation or suspension is more likely than not to flow from the proved fact of mailing of such notice

and, therefore, the inference does not violate due process.

The trial court instructed the jury that proof that defendant's license had been suspended could be established by his actual knowledge of the suspension or by evidence that the motor vehicle division had mailed the notice to defendant's address. The instruction also provided that "[s]ervice of notice is complete upon mailing." In addition, "[y]ou may presume that the defendant received notification of the suspension or revocation ... if the State proves it has been mailed to the last address provided ... by defendant." The court based the jury instruction on A.R.S. section 28-453, which provides:

> Notice by the department to a person possessing a driver's license, ... of any suspension, revocation, cancellation or disqualification of the license or privilege to operate a motor vehicle ... shall be made in writing. Such notice shall be sent by mail to the address provided to the department on the licensee's application.... Service of notice is complete upon mailing.

Defendant argues the notice provisions of A.R.S. sections 28-692.02(B) and 28-453 are unconstitutional and the giving of the notice instruction was error. *State v. White*, 160 Ariz. 24, 31, 770 P.2d 328, 335 (1989). He contends that when a defendant is charged with driving with a suspended or revoked license shortly after the mailing of notice, the notice provisions presume the impossible and fail to allow a reasonable time for notice to be received. He further argues that no rational basis exists to assume a driver knows his license is suspended the instant a notice is mailed. We disagree. As we discuss below, the notice provisions of the statutes are constitutional. Thus, the giving of the instruction was not error.

In *State v. Cole*, 153 Ariz. 86, 734 P.2d 1042 (App.1987), this court discussed the constitutionality of permissive inferences. We held that "an inference is irrational, and therefore unconstitutional, if it cannot at least be said with substantial assurance that the inferred fact is more likely than

not to flow from the proved fact on which it depends." *Id.* at 89, 734 P.2d at 1045, *citing Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). "However, even a permissive inference may violate due process if, under the facts of the case, there is no rational way the trier of fact could make the connection permitted by the inference." *Id.* (citation omitted).

■ Here, the remainder of section 28–453 containing the statutory presumption language is merely permissive; once the state proves mailing of the notice of suspension, the state no longer has the burden to prove receipt of the notice or actual knowledge of its contents. The burden then shifts to the defendant to show that he did not receive the notice. *See State v. Jennings,* 150 Ariz. 90, 94, 722 P.2d 258, 262 (1986) (section 28–446(B) presumes notice from mailing of revocation of license but permits defendant to show lack of knowledge regarding revocation). Furthermore, the permissive inference is not irrational. We believe that it is more likely than not that a mailed notice will be delivered by the U.S. Postal Service. Because the inferred fact of receipt is more likely than not to flow from the proved fact of mailing, no constitutional infirmity exists in the statute.

■ Moreover, at trial defendant did not assert lack of receipt either directly or through other evidence. In closing argument, defense counsel simply stated, "So you may presume that he received [the notice], but if there's other evidence to contradict that, you may consider that as well to overcome that presumption." Counsel also urged the jury to consider the difference between "Lisa Lane" and "West Lisa Lane." The defense did not, however, introduce any evidence to rebut the presumption of receipt or to show that the postal service would not have delivered the envelope as addressed.

■ Furthermore, in 1990, the 24th of December fell on a Monday. The postal service delivered mail on Wednesday, Thursday, Friday, and Saturday, the 26th, 27th, 28th and 29th; it also delivered mail on Monday, the 31st. Defendant was arrested in the early evening on the 31st. The jury could reasonably infer, in the absence of testimony to the contrary, that defendant had received the notice in one of the mail deliveries between the 24th and 31st of December.

Defendant's argument that the notice provision presumes the impossible; that is, that the notice was received when mailed, might have merit on facts different than these. The language of section 28–453 that "[s]ervice of notice is complete upon mailing," is clearly applicable to a civil license revocation matter. In a criminal case, however, where the suspension forms the basis for a criminal charge, the giving of an instruction containing such language might constitute fundamental error. For example, if a person is arrested on the same day the department mails a notice of license suspension or revocation, it might be a denial of due process to instruct the jury that service of the notice was complete upon mailing. Nevertheless, where, as here, seven days elapsed between the mailing of the notice and the defendant's arrest, the giving of an instruction that "service is complete upon mailing" was not error.

## CONCLUSION

We find no violation of due process in the application of the notice provisions of A.R.S. sections 28–453 and 28–692.02 to this defendant. We also find no prejudicial error from the prosecutor's closing argument. We affirm the conviction and sentence imposed.

CLABORNE and FIDEL, JJ., concur.