**Patrick T. HILL, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–5164.**

Court of Appeals of Alaska.

Sept. 15, 1995.

G. Blair McCune, Assistant Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

BRYNER, Chief Judge.

Following a jury trial, Patrick T. Hill was convicted of two counts of forgery in the second degree. AS 11.46.505(a)(1). Hill appeals, claiming that the prosecutor's closing argument impermissibly commented on Hill's failure to testify. We affirm.

On February 17 and 18, 1993, Hill attempted to cash two checks at National Check

Cashers in Anchorage; both checks had been stolen and forged. Hill was arrested in the course of his second attempt. Upon arrest he gave the police an exculpatory statement, claiming that he had received the checks in payment for work that he had performed on a car. Subsequent investigation established that Hill had not personally forged the stolen checks. The state nevertheless prosecuted Hill for second-degree forgery on the theory that he knowingly possessed the forged checks.

At trial, Hill's exculpatory post-arrest statement was introduced through the testimony of Anchorage Police Officer Reese Dash. Hill did not testify at trial; he relied on his post-arrest statement and sought to establish, through cross-examination of the state's witnesses, that the police had failed to investigate his version of events. During final argument, the prosecutor summarized the state's evidence, and then turned to Hill's version of events, emphasizing that Hill's out-of-court statement was not credible:

I think another important thing for you to remember, ladies and gentlemen, is that the police statement given by the defendant was not under oath and that the witnesses that have come in here and testified before you testified in a court of law under oath. That's a very serious thing. That also goes to the credibility of whether or not the evidence is credible in terms of the statements of the defendant. Submitting—one of the primary reasons behind the law allowing cross-examination is because it is a device seeking the truth revealing credible evidence and you must understand that the police interview by the defendant was not capable of cross-examination and neither was it under oath. Okay. So just accept that when taking—when evaluating that statement and that evidence. Obviously the defendant does not have to testify in this case. That is his constitutional right and I think that when you review the evidence, you should take into consideration the police officers that testified here and focus on your task in determining whether or not the defendant knowingly uttered or possessed a forged instrument on February 17th and 18th with the intent to defraud.

Hill objected and moved for a mistrial, contending that this argument amounted to an impermissible comment on his failure to take the stand. Superior Court Judge Milton M. Souter denied the motion, and the jury convicted Hill. Hill appeals, renewing his claim of improper prosecutorial comment on his failure to testify.

■ The Fifth Amendment to the United States Constitution and Article I, section 9, of the Alaska Constitution both forbid unfavorable comment on a defendant's exercise of the right to refrain from testifying at trial. *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965); *McCracken v. State,* 431 P.2d 513, 517 (Alaska 1967). The universally accepted test for determining whether prosecutorial remarks amount to prohibited comment is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *McCracken,* 431 P.2d at 517. *Accord United States v. Tarazon,* 989 F.2d 1045, 1051–52 (9th Cir.1993); *United States v. Durant,* 730 F.2d 1180, 1184 (8th Cir.1984); *see generally* Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 23.4(b) n. 28 (Supp.1991 at 20–21). This test requires that prosecutorial comments be assessed in the context of the evidence at trial. *McCracken,* 431 P.2d at 517; *United States v. Montgomery,* 819 F.2d 847, 853 (8th Cir.1987). Applying the test to the present case, we are unable to conclude that the challenged remarks amounted to an impermissible comment on Hill's failure to testify.

■ The prosecutor's argument that Hill's exculpatory version of events was not sworn or subject to cross-examination did not focus on Hill's failure to testify or ask the jury to draw any unfavorable inference therefrom. It focused instead on elements rendering Hill's out-of-court statement worthy of doubt. In context, this argument was not impermissible. It was not manifestly intended as an adverse comment on Hill's failure to testify; nor would the jury naturally and necessarily have taken it as such. Federal courts have

found similar arguments advanced under like circumstances to be permissible.[1]

The prosecutor's ensuing comment—"Obviously the defendant does not have to testify in this case. That is his constitutional right[.]"—presents a closer question. Hill characterizes this as a direct comment on his failure to testify and insists that it was therefore constitutionally impermissible under *Griffin v. California.* While Hill is technically correct in asserting that this statement directly commented on his exercise of the right to silence, he is incorrect in concluding that it was therefore automatically impermissible. For *Griffin* does not categorically forbid all comment on a defendant's exercise of the right to silence:

> It is clear from even a cursory review of the facts and the square holding of the *Griffin* case that the Court was there concerned only with *adverse* comment, whether by the prosecutor or the trial judge— "comment by the prosecution on the accused's silence or instruction by the court that such silence is evidence of guilt." The Court reasoned that such adverse comment amounted to "a penalty imposed by courts for exercising a constitutional privilege.["]

*Lakeside v. Oregon,* 435 U.S. 333, 338–39, 98 S.Ct. 1091, 1094, 55 L.Ed.2d 319 (1978) (citations omitted; emphasis in original). Because the Constitution bars only adverse comment on a defendant's failure to take the stand, an argument by the prosecution affirming the defendant's constitutional right to silence is not *per se* forbidden.

We recognize that in some contexts even an apparently benevolent reference by a prosecutor to a defendant's constitutional right to remain silent could be highly damag-ing. *Cf. Lakeside,* 435 U.S. at 345–47 & n. 6, 98 S.Ct. at 1097–99 & n. 6 (Stevens, Justice, dissenting) ("It is unrealistic to assume that instructions on the right to silence always have a benign effect.").[2] An argument by the prosecution that makes unnecessary and unsolicited reference to the defendant's right to silence may be meant as nothing more than a reminder that the defendant in fact did not testify—a reminder made in the hope that the jury, acting of its own accord, will draw a negative inference from silence. When the circumstances of a given case involve a gratuitous reference of this kind, the trial court may justifiably find an impermissible comment—a comment "manifestly intended" to encourage an inference of guilt from silence. But a facially neutral reference to the constitutional right to silence becomes impermissible, and thereby provides occasion for a mistrial, only when it appears, in context, that the reference was manifestly intended as an adverse comment on the defendant's failure to testify or that the jury would naturally and necessarily understand it as such. *See Church,* 175 Ariz. at 107, 854 P.2d at 140.

In the present case, viewing the state's final argument in light of the totality of the circumstances, we find no basis for concluding that the prosecutor's reference to Hill's right to silence amounted to an adverse comment on the exercise of that right. In calling attention to Hill's right, the prosecutor neither expressly nor implicitly urged the jury to draw any negative inference from Hill's failure to testify. As the trial court correctly recognized, the prosecutor's reference to Hill's constitutional right was evidently made for a legitimate purpose: to prevent the jury from misconstruing the immediately preced-

---

1. *See, e.g., Horne v. Trickey,* 895 F.2d 497, 501 (8th Cir.1990) ("The state did not call attention to Horne's failure to testify, but rather to the fact that the statement was extra-judicial and not credible, and therefore should be given less weight than the in-court testimony of the victim of the crime."); *Porter v. Estelle,* 709 F.2d 944, 959 (5th Cir.1983) ("[T]he focus of the prosecutor's remarks concerning the 'unsworn' nature of the statement was to question its reliability at the time of its confection, where Porter relied upon the exculpatory statements therein ... to establish his claim[.]'').

2. For this reason, many courts bar unsolicited instructions on the accused's right to silence, even though such instructions are not constitutionally barred. *Lakeside,* 435 U.S. at 348 & n. 10, 98 S.Ct. at 1099 & n. 10. And some courts have expressly discouraged prosecutors from making unsolicited mention in final argument of the defendant's right to silence. *See, e.g., State v. Church,* 175 Ariz. 104, 107, 854 P.2d 137, 140 (App.1993).

ing argument (that Hill's out-of-court statements were unsworn and not subject to cross-examination) as an attempt to blame Hill for failing to testify.[3]

As the trial court also correctly recognized, by the time the parties presented their final arguments to the jury, Hill had already made a tactical decision not to deflect the jury's attention from his failure to take the stand. During voir dire, Hill advised prospective jurors that he would not testify and questioned them on the issue. Before final argument commenced, Hill requested the court to include in its final jury instructions the standard instruction advising that the defendant has an absolute right to refrain from testifying and that no inference may be drawn from the exercise of that right. Hence, it is clear that the state's unsolicited reference to Hill's failure to testify did not jeopardize Hill's trial strategy.[4]

In *Church*, at 107, 854 P.2d at 140, the Arizona Court of Appeals considered a claim of constitutional error involving a statement similar to the one challenged by Hill. Rejecting the claim, the court stated:

> Here, the remarks simply affirmed the defendant's right not to testify at trial. They were not adverse; they did not urge the jury either to draw an unfavorable inference or to impose a penalty on the defendant for the exercise of the right to silence. Therefore, the remarks did not violate the Fifth Amendment, [or] our constitution[.]

The conclusion reached in *Church* applies in the present case. In context, the state's reference to Hill's right to silence was not manifestly intended as an adverse comment on Hill's exercise of the right, nor would the jury naturally and necessarily have taken it as an adverse comment. For this reason, we conclude that the disputed reference did not amount to a constitutional violation.

In sum, neither the state's argument concerning the credibility of Hill's out-of-court statement nor its ensuing mention of Hill's right to refrain from testifying amounted to an impermissible comment on Hill's constitutional right to silence. The trial court did not err in denying Hill's motion for a mistrial.

The conviction is AFFIRMED.

---

3. Hill criticizes the state's comment because it informed the jury that Hill had the right to refrain from testifying but failed to emphasize that the jury must refrain from drawing any adverse inference from his exercise of that right. However, to the extent that this point was not implicit in the state's argument, the deficiency was cured by the trial court's ensuing instructions, which expressly cautioned the jury against drawing any unfavorable inference from Hill's failure to take the stand.

4. *Compare, e.g., Lakeside*, 435 U.S. at 345–48, 98 S.Ct. at 1097–99 (Stevens, Justice, dissenting) (arguing that the trial court should be barred from instructing the jury on a defendant's right to refrain from testifying if the defendant objects to such an instruction for strategic reasons).