NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LEVI JOE ROMERO, *Appellant*.

Nos. 1 CA-CR 16-0081; 1 CA-CR 16-0082 (Consolidated)
FILED 5-9-2017

Appeal from the Superior Court in Maricopa County
No.  CR2012-134452-001; CR2015-002047-001
The Honorable David V. Seyer, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

J O N E S, Judge:

¶1        Levi Romero appeals his convictions and sentences for one count of aggravated driving while under the influence (DUI), one count of aggravated driving with a blood alcohol concentration (BAC) of 0.08 or greater, and one count of taking another's identity. After searching the entire record, Romero's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Romero was afforded an opportunity to file a supplemental brief *in propria persona* but did not do so. After reviewing the record, we find no error. Accordingly, Romero's convictions and sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        At approximately 9:30 p.m. on March 18, 2015, Phoenix Police Sergeant M.S. saw a maroon Expedition "make a wide U-turn." Sergeant M.S. followed the Expedition and observed it "weaving over the lanes quite a bit," so he turned on the overhead lights of his fully marked police vehicle to pull the Expedition over. The Expedition continued for twenty more seconds before the driver "pulled into the two-way left-hand turn lane and just stopped."

¶3        At 9:45 p.m., Sergeant M.S. contacted the driver, later identified as Romero, and saw that he "had slumped over the wheel . . . almost like he was sleeping." Romero had not put his car in park, however, and the vehicle lurched forward several feet before reversing approximately fifteen feet; Sergeant M.S. was eventually able to put the car in park and remove the keys. When Romero exited the vehicle, Sergeant

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

M.S. observed him to be lethargic, with a strong odor of alcohol, red and watery eyes, and a flushed face. Romero was unable to complete a horizontal gaze nystagmus test, and Sergeant M.S. noticed an open bottle of malt liquor inside Romero's vehicle.

**¶4**        Officer K.P. eventually took over the investigation. Officer K.P. placed Romero under arrest and took him to a mobile DUI van where a qualified phlebotomist drew Romero's blood at 11:18 p.m. Subsequent testing indicated Romero's BAC was 0.228. It was later discovered Romero's driver's license had been suspended, and Arizona's Motor Vehicle Department (MVD) had notified him of the suspension multiple times prior to his arrest.

**¶5**        The jury found Romero guilty of both aggravated DUI and aggravated driving with a BAC of 0.08 or greater. At a separate trial on prior felony convictions, the trial court admitted three self-authenticating sentencing minute entries indicating Romero had been convicted of: (1) first-degree trafficking in stolen property in violation of Arizona Revised Statutes (A.R.S.) section 13-2307(B),[2] a Class 2 felony, in February 2005, for which he was sentenced to 4.5 years' imprisonment; (2) aggravated assault in violation of A.R.S. § 13-1204(A), a Class 3 felony, in February 2005, for which he was sentenced to 4 years' probation; and (3) taking another's identity in violation of A.R.S. § 13-2008(A), a Class 4 felony, in January 2013. Romero's probation officer testified Romero was on probation for taking the identity of another on March 18, 2015. The court concluded the State had proven beyond a reasonable doubt Romero violated the terms of his probation by committing the DUI offenses[3] and had three historical prior felony convictions.

**¶6**        Romero's sentencing and disposition hearings were held simultaneously. The trial court revoked Romero's probation and sentenced him as a non-dangerous, non-repetitive offender to a mitigated term of 1 year imprisonment for taking the identity of another. The court then sentenced Romero as a non-dangerous, repetitive offender to two concurrent, presumptive terms of 10 years' imprisonment for the DUI

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

[3]        Romero waived his right to a jury trial regarding aggravating circumstances.

offenses, with those sentences to run consecutive to the sentence for taking another's identity.

¶7        Romero timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8        Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of aggravated DUI if, "while the person's driver license or privilege to drive is suspended, canceled, revoked or refused," he "drive[s] or [is] in actual physical control of a vehicle in this state . . . [w]hile under the influence of intoxicating liquor . . . [and] impaired to the slightest degree." A.R.S. §§ 28-1381(A)(1), -1383(A)(1). A person is guilty of aggravated driving with a BAC of 0.08 or greater if, while the person's driver's license is suspended, he drives a vehicle and "has an alcohol concentration of 0.08 or more within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle." A.R.S. §§ 28-1381(A)(2), -1383(A)(1). If the person's BAC was 0.08 or higher within two hours of driving, "it may be presumed that the defendant was under the influence of intoxicating liquor." A.R.S. § 28-1381(G)(3).

¶9        Furthermore, "aggravated DUI based on a suspended license requires proof that the defendant . . . knew or should have known of the suspension," and "[o]nce the state proves mailing of the notice of suspension, the state no longer has the burden to prove receipt of the notice or actual knowledge of its contents[;] [t]he burden then shifts to the defendant to show that he did not receive the notice." *State v. Cifelli*, 214 Ariz. 524, 527, ¶¶ 12-13 (App. 2007) (citing *State v. Williams*, 144 Ariz. 487, 489 (1985), then quoting *State v. Church*, 175 Ariz. 104, 108 (App. 1983)); *see also* A.R.S. § 28-3318(D), (E). Finally, should "the defendant commit[] an additional offense or violate[] a condition [of probation], [the court] may revoke probation in accordance with the rules of criminal procedure at any time before the expiration or termination of the period of probation." A.R.S. § 13-901(C). "If there is a determination of guilt . . . of a criminal offense by a probationer . . . , no [probation] violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense." Ariz. R. Crim. P. 27.8(e).

¶10 Based upon the record before us, sufficient evidence was presented upon which a jury could determine beyond a reasonable doubt Romero was guilty of the charged offenses. Romero was operating the Expedition when Sergeant M.S. observed erratic driving and pulled him over, at which time the sergeant detected a strong odor of alcohol emanating from Romero and observed an open bottle of malt liquor in the vehicle. Romero had a BAC of 0.228 within two hours of being pulled over. Additionally, Romero did not consume any alcohol between the time he was pulled over and the time he had his blood drawn. The evidence also establishes Romero was on notice that his license was suspended at the time. Moreover, Romero's DUI convictions warranted revocation of his probation.

¶11 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Romero was represented by counsel at all stages and was present at all critical stages of the proceedings, including the entire trial and the verdict. *See, e.g., State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Romero was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-105(22)(b), (c), -702(D), -703(C), (J), -708(C), (E).

## CONCLUSION

¶12 Romero's convictions and sentences are affirmed.

¶13 Defense counsel's obligations pertaining to Romero's representation in this appeal have ended. Defense counsel need do no more than inform Romero of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶14 Romero has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz.

R. Crim. P. 31.19(a).  Upon the Court's own motion, we also grant Romero thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA