NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RUBEN PEDRO JIMENEZ, *Appellant.*

No. 1 CA-CR 16-0529
FILED 5-16-17

Appeal from the Superior Court in Coconino County
No. S0300CR201500763
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1        Ruben Jimenez ("Jimenez") appeals from his conviction for aggravated DUI.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY[1]

¶2        On November 26, 2012, Jimenez was pulled over by a Coconino County sheriff detective for a traffic violation.  During the stop, the detective learned that Jimenez's driver's license was suspended. Jimenez was arrested for driving with a suspended license.

¶3        While speaking with Jimenez, an odor of alcohol was detected on his breath.  Jimenez was then transported to a detention facility and during questioning, admitted to drinking alcohol.  Jimenez also informed detectives that he is a heroin user, and used heroin earlier that day.  Jimenez consented to a blood draw, which revealed the presence of methamphetamine, morphine and hydrocodone in his blood.  Jimenez was charged with aggravated DUI.

¶4        At trial, Jimenez denied knowing his license was suspended. The State produced evidence that the Department of Motor Vehicles ("DMV") mailed Jimenez six letters over a seven–year span informing him that his license was suspended.  Jimenez, who elected to testify, claimed that he did not receive any of the DMV notices because his identity was stolen.

---

[1]        We view the evidence presented at trial in the light most favorable to upholding the conviction, and resolve all inferences against Jimenez. *See State v. Riley*, 196 Ariz. 40, 42, ¶ 2 (App. 1999).

**¶5** Before deliberations, the State submitted its proposed jury instructions.[2] Jimenez objected to the inclusion of a voluntary intoxication instruction[3] and an instruction on the presumption of notice established when the DMV sends by first-class mail a letter informing an individual that his or her license has been suspended. The superior court overruled Jimenez's objections, but modified the presumption of notice instruction at his request.[4]

---

[2] Jimenez submitted a proposed jury instruction, but it was not provided in this record.

[3] The final Voluntary Intoxication instruction given read:

> Temporary/voluntary intoxication resulting from the voluntary ingestion, consumption, inhalation, or injection of alcohol, an illegal substance or other psychoactive substance or the abuse of prescribed medications is not a defense for any criminal act or requisite state of mind.

[4] The final presumption of notice instruction given read:

> Once mailed by the Motor Vehicle Department, the defendant is presumed to have received notice of the suspension. The State is not required to prove actual receipt of the notice or actual knowledge of the suspension. Compliance with the notice provision required by state law of the suspension may be presumed if the notice of suspension was mailed by the Motor Vehicle Department to the defendant at the address provided to the Department on the licensee's application or provided to the Department pursuant to a notice of change of address or other source, including the address on a traffic citation received by the Department.

> That is, proof of the fact of the mailing will, absent any contrary evidence, establish that delivery occurred. If, however, the addressee denies receipt, the presumption of delivery disappears, but the fact of mailing still has evidentiary force. The denial of receipt creates an issue of fact that the fact finder must resolve to determine if delivery actually occurred.

**¶6**         The jury convicted Jimenez of one count of aggravated DUI. Based on aggravating circumstances, Jimenez was sentenced to an 8–year term of imprisonment. Jimenez timely appealed his conviction. This Court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2017), 13–4031 (2017) and 13–4033(A) (2017).[5]

## DISCUSSION

**¶7**         Jimenez contends that the superior court erred by giving the presumption of notice and voluntary intoxication instruction. This Court reviews a superior court's decision whether to give a jury instruction for an abuse of discretion, but reviews *de novo* "whether the [g]iven [i]nstruction correctly stated the law." *State v. Tarr*, 235 Ariz. 288, 291–92, ¶ 9 (App. 2014).

**¶8**         To be convicted for aggravated DUI, the State must prove beyond a reasonable doubt that Jimenez drove or had actual physical control of the vehicle while under the influence of drugs or alcohol, and did

---

> You are free to accept or reject this presumption as triers of fact. You must determine whether the facts and circumstances shown by the evidence in this case warrant any presumption that the law permits you to make. Even with the presumption, the State has the burden of proving each and every element of the offense beyond a reasonable doubt before you can find the defendant guilty.
>
> A driver's license, as a legally protected property interest, cannot be suspended without due process of law. Due process does not require that the state provide actual notice before suspending a license, but due process does require that the method of notice be reasonably calculated under all of the circumstances to provide actual notice.
>
> If you find that the State has failed to prove beyond a reasonable doubt that it has made efforts reasonably calculated to provide actual notice to the defendant, and the defendant denies receipt of notice, then you cannot find that he should have known that his license was suspended.

[5]         Absent material revisions after the date of an alleged offense, we cite a statute's current version.

so while his driver's license was suspended. A.R.S. § 28–1383(A)(1) (2017). The State must also prove beyond a reasonable doubt that Jimenez knew, or should have known, that his license was suspended at the time of the violation. *See State v. Cifelli*, 214 Ariz. 524, 527, ¶ 13 (App. 2007).

**¶9** Arizona law provides a rebuttable presumption that a defendant received notice of his suspended license if the DMV mailed the notice by first–class mail to defendant's record address. A.R.S. § 28–3318(E) (2017). If the DMV sends notice of the suspended license to the defendant, the State is not required "to prove actual receipt of the notice or actual knowledge of the suspension . . . ." *Id*. However, a defendant may rebut the presumption of notice with evidence that he never received the DMV letter. *See Cifelli*, 214 Ariz. at 527, ¶ 13.

**¶10** Jimenez argues that the presumption of notice instruction violated his due process rights. This Court has previously held that the presumption of notice provided by A.R.S. § 28–3318 does not violate a defendant's due process rights. *See State v. Church*, 175 Ariz. 104, 108 (App. 1993). In *Church*, this Court explained that the predecessor statute to A.R.S. § 28–3318 creates a permissive presumption of notice that may be rebutted through testimony and other evidence. *Church*, 175 Ariz. at 108. The only proffered evidence to rebut the presumption of notice was Jimenez's testimony that his identity was stolen. Conversely, the State offered evidence that DMV mailed six letters to Jimenez's listed addresses, some within months of a change of address.[6] The jury's charge was to decide whether Jimenez rebutted the presumption, and it rejected Jimenez's testimony. *See State v. Clemons*, 110 Ariz. 555, 556-57 (1974). This Court will not second guess a jury's finding that a defendant failed to rebut the presumption. *See id*. at 557. The presumption of notice does not violate Jimenez's due process rights, nor does it vitiate the State's obligation to provide notice. The State is only required to provide notice reasonably calculated to apprise a defendant of his suspended license. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006); *In re Rights to Use of Gila River*, 171 Ariz. 230, 236 (1992). The presumption of notice statute and corresponding jury instruction did not violate Jimenez's due process rights.

**¶11** Jimenez also contends that the superior court erred by giving the voluntary intoxication instruction, arguing that it confused the jury into concluding that his lack of knowledge concerning the suspension of his driver's license was inexcusable. Jimenez, however, does not provide

---

[6] DMV sent the sixth letter to Appellant's record address, but Appellant was incarcerated.

evidence that the jury was confused by this instruction or provide support for his argument. This Court will not address arguments that are not properly developed. *See* Ariz. R. Crim. P. 31.13(c); *State v. Cons*, 208 Ariz. 409, 415–16, ¶ 18 (App. 2004).

**CONCLUSION**

**¶12**        For the foregoing reasons, Jimenez's conviction and sentence are affirmed.

