605 P.2d 902

**STATE of Arizona, Appellee,**

v.

**Norman Robert ALLEN, Appellant.**

**No. 1 CA–CR 3918.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 27, 1979.

Rehearing Denied Jan. 10, 1980.

Review Denied Jan. 29, 1980.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Asst. Atty. Gen., and Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Chief Judge.

Norman Robert Allen was charged by information with driving while under the influence of intoxicating liquor while his license was suspended, revoked or refused. A.R.S. § 28–692.02.[1] Allen's license had previously been suspended by the Arizona Department of Transportation for noncompliance with the state's financial responsibility laws. A.R.S. § 28–1142.A; *State v. Gonzales*, 27 Ariz.App. 308, 554 P.2d 904 (1976). He was found guilty as charged by a jury. After entry of judgment of guilt, Allen was sentenced to one year in the Maricopa County jail. Allen now appeals his conviction, contending that the evidence was insufficient to establish that he had been notified in writing pursuant to the provisions of A.R.S. § 28–210.B, prior to the date of the instant offense, that his license was suspended, and that without such evidence of actual notice of suspension the conviction cannot stand.

On June 8, 1976, appellant's driver's license was suspended according to the provisions of A.R.S. § 28–1142.A, as noted above. Notice of the suspension was mailed by certified mail to the address listed on appellant's driver's license application. *See* A.R.S. § 28–210.B. On June 9 and 14, 1976, the post office sent appellant notice of the letter. On June 24, 1976, the letter was returned to the Department of Transportation by the post office as "unclaimed".

On March 7, 1977, Officer Martin of the Phoenix Police Department arrested Allen on a charge of driving while intoxicated. Subsequent to the arrest, he informed Allen at least twice that his driver's license had been suspended "for financial responsibility" as of June 8, 1976. Shortly thereafter, on April 17, 1977, appellant was arrested for the instant offense, based on facts from which the jury could have found that he was operating a motor vehicle while intoxicated. We note that at the time of this arrest and at the time of trial, Allen stated his address to be the same one listed on his driver's license application, to which the notice of suspension was originally mailed by the Department of Transportation.

Appellant herein was originally suspended for noncompliance with A.R.S. § 28–1142.A. In such a case, the required notice is as specified in A.R.S. § 28–210.B, as follows:

B. When the vehicle division or department is required or authorized to revoke, suspend or cancel any driver's license or to suspend vehicle registrations pursuant to chapter 7 of this title, it shall notify the holder thereof by a notice in writing which shall include a citation to the statute, rule or regulation under which such action is authorized or required. A copy of such notice shall be

---

1. The pertinent portion of A.R.S. § 28–692.02 reads:

   A person whose operator's or chauffeur's license is suspended, revoked or refused and who commits the offense of driving a vehicle while under the influence of intoxicating liquor or drugs during the period of such suspension, revocation or refusal, . . . shall be punished . . . by imprisonment in the county jail for not to exceed one year or by a fine not exceeding one thousand dollars or both.

retained by the vehicle division or department and such copy shall be a public record. Such copy shall also contain a certification that the original thereof was mailed by registered or certified mail with instruction to deliver to addressee only and the date of mailing thereof. If such copy is addressed to a licensee at the address last shown on the vehicle division's records, as evidenced by the person's driver license application or subsequent written notification by such person of a different address, and a certified copy of the notice of revocation, suspension or cancellation is accompanied by a records custodian's statement that the original thereof had not been returned to the division or department, it shall be presumed unless otherwise shown by clear and convincing evidence that the person to whom the notice was addressed received the original notice.

The presumption set forth in this statutory provision is clearly not applicable here, as the notice was returned to the department by the post office as "unclaimed".

Appellant's contention here may be summarized from his brief as follows:

> In the instant case, appellant submits that he was entitled to the notice provided for under Arizona law. Because the State did not produce any evidence of compliance with the statute, appellant contends that the element of actual notice was not satisfied and his conviction cannot stand.

We reject this contention and affirm appellant's conviction and sentence.

If we were to accept appellant's contention, any driver whose license had been suspended could simply refuse to accept any registered or certified mail and thereby escape the increased punishment set by law for one convicted of driving while under the influence of intoxicating liquor during the period his license is under suspension.

In this case, the state complied with the mailing provisions of A.R.S. § 28–210.B. The state further introduced evidence that the appellant had received actual notice, prior to his arrest on April 17, 1977, when Officer Martin notified him at least twice that his license had been suspended as of June 8, 1976. We deem compliance with the mailing provisions of A.R.S. § 28–210.B, together with the proof of actual notice, to be sufficient. *See State v. Barber,* 24 Conn. Sup. 346, 190 A.2d 497 (1962).

The conviction and sentence are affirmed.

EUBANK, P. J., Department B, and KENNETH C. CHATWIN, Judge, Retired, concur.

*NOTE*: The Honorable Kenneth C. Chatwin, Judge, Retired, was authorized to participate in this case by the Vice Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.