754 P.2d 339

**The STATE of Arizona, Appellee,**

v.

**Thomas Eugene RUFENACHT, Appellant.**

**No. 2 CA–CR 88–0108.**

Court of Appeals of Arizona, Division 2, Department A.

April 21, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Vicki Gotkin Adler, Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

LACAGNINA, Chief Judge.

In 1982 Thomas Eugene Rufenacht was convicted by a jury in absentia of driving under the influence on a suspended license, a class 6 felony. He was eventually apprehended and sentenced on August 3, 1987, when the trial court placed him on supervised probation for three years with the condition that he serve 60 days in jail.

Rufenacht argues he was entitled to a dismissal of the felony charge, because the state failed to prove that he had been given notice that his license had been suspended. We agree and reverse.

Rufenacht's license had been suspended in April 1981 for his failure to comply with financial responsibility requirements. A notice of intent to suspend, dated March 16, 1981, along with a return receipt for certified mail, was sent, addressed to Rufenacht at "General Delivery, 3rd and Head Street, Campe Verde, Arizona 86322." The notice stated that the Department of Transportation would suspend Rufenacht's license on April 6, 1981, if he did not comply with the financial responsibility requirements. It was sent to the last known address in the Department of Motor Vehicles' records and was the address at which Rufenacht was arrested following the accident in the present case on June 29, 1982. Apparently Rufenacht never claimed the certified letter sent by the Department of Motor Vehicles revoking his license; both sides agree that the letter was returned to the department as "unclaimed."

Defense counsel admits the Department of Motor Vehicles followed the statutory requirements under A.R.S. § 28–210(B) (as it existed in 1981), which states:

B. When the vehicle division or department is required or authorized to revoke, suspend or cancel any driver's license or to suspend vehicle registrations pursuant to chapter 7 of this title, it shall notify the holder thereof by a notice in writing which shall include a citation to the statute, rule or regulation under which such action is authorized or required. A copy of such notice shall be retained by the vehicle division or department and such copy shall be a public record. Such copy shall also contain a certification that the original notice was mailed by registered mail with instruction to deliver to addressee only and the date of mailing the notice. If such copy is addressed to a licensee at the address last shown on the vehicle division's records, as evidenced by the person's driver license application or subsequent written notification by such person of a different address, and a certified copy of the notice of revocation, suspension or cancellation is accompanied by a records custodian's statement that the original notice had not been returned to the division or department, it shall be presumed unless otherwise shown by clear and convincing evidence that the person to whom the notice was addressed received the original notice.

In this case, as in *State v. Allen,* 124 Ariz. 500, 605 P.2d 902 (App.1980), the presumption is clearly not applicable because the notice was returned to the department as "unclaimed."

The state claims the following language from Division One's opinion in *Allen* applies to this case:

If we were to accept appellant's contention, any driver whose license had been suspended could simply refuse to accept any registered or certified mail and thereby escape the increased punishment set by law for one convicted of driving while under the influence of intoxicating liquor during the period his license is under suspension.

124 Ariz. at 502, 605 P.2d at 904. We disagree. In *Allen,* evidence was presented that the defendant received actual notice prior to his arrest that his license had been suspended, and the court held in *Allen* that compliance with the mailing provisions of A.R.S. § 28–210(B), together with the proof of actual notice, was sufficient. Here, without any evidence that Rufenacht had notice that his license had been suspended, the trial court was required to dismiss the felony charge.

The case is reversed; the judgment of guilt and the sentence imposed are vacated and the case is remanded to allow the trial court to enter a judgment of guilt on the lesser offense of driving while under the influence of intoxicating liquor and for imposition of sentence.

HOWARD, P.J., and HATHAWAY, J., concur.