■ VERNA MELTON et al., Respondents, v BROTMAN FOOT CARE GROUP, Defendant, and RICHARD PHILIPS et al., Appellants. [604 NYS2d 203] —In an action to recover damages for podiatric malpractice, the defendants Richard Philips and Randy Brotman appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), entered August 27, 1991, which granted the plaintiffs' motion to dismiss their affirmative defenses of lack of personal jurisdiction, and denied their cross motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this podiatric malpractice action in 1988. The defendants Dr. Randy Brotman and Dr. Richard Philips shared an office at the premises of the defendant Brotman Foot Care Group. Service of process on the defendant Dr. Randy Brotman was effected on March 25, 1988, by delivery of a copy of the summons and complaint to his medical assistant at his place of employment, and mailing copies to an address which was furnished to the plaintiffs' attorney by the Division of Professional Licensing Services of the New York State Department of Education as being Dr. Brotman's mailing address. The defendant Dr. Richard Philips was served at his place of employment by delivery of a copy of the summons and complaint to Dr. Brotman's medical assistant and mailing copies to an address which was furnished by the Division of Professional Licensing Services.

Drs. Brotman and Philips interposed separate answers, containing identical affirmative defenses alleging that the court lacked personal jurisdiction over them because of improper service of process. The plaintiffs moved to dismiss those defenses.

We find that service of process in this case met the requirements of CPLR 308 (2). CPLR 308 (2) provides that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business". Here, the defendants concede that copies of the summonses and complaints were delivered to Dr. Brotman's medical assistant. Thus, the delivery to a person of suitable age and discretion prong of CPLR 308 (2) was satisfied.

The mailing requirement of CPLR 308 (2) was also satisfied. Dr. Brotman's claim that he had not resided at the address provided by the Division of Professional Licensing Services since 1975 was patently incredible, since that was the address he provided to the agency in 1982 when he was licensed. Dr. Philips's claim that he had not resided at the address provided by the Division of Professional Licensing Services of the New York State Department of Education for him since 1987 was also incredible, since, at his deposition, he testified that he resided at that address during March 1988.

Moreover, Education Law § 6502 (5) requires that "[l]icensees shall notify the department of any change of name or mailing address within thirty days of such change". Here, both individual defendants failed to notify the department of the change, and they are estopped from claiming that service was improper because the summonses and complaints were mailed to the wrong addresses (see, Sherrill v Pettiford, 172 AD2d 512).

The appellants' claim that personal jurisdiction was not acquired over them, because they did not receive the papers by mail, is meritless, since CPLR 308 (2) imposes no requirement that a defendant actually receive the mailing before jurisdiction is acquired (see, Cohen v Shure, 153 AD2d 35). Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.