*190 OPINION OF THE COURT
Robert G. Bogle, J.
In a case of apparent first impression, the issue before the court concerns the adequacy of service of a supporting deposition and the burden on the moving party to provide a sufficient address for service.
The defendant, Adriana Suarez, is charged with improperly operating a motor vehicle with a restricted permit, a violation of traffic infraction under section 501 (3) (a) of the Vehicle and Traffic Law of the State of New York. The simplified traffic infraction was issued following a motor vehicle accident.
Counsel for the defendant filed a notice of appearance with the court on or about November 1, 1995, and listed her address as 3000 Marcus Avenue, Lake Success, New York 11042. Counsel did not include her suite number of "3W6”. A demand for a supporting deposition was sent and received by the court on November 8, 1995. Under "Part B” of the summons, the box stating "yes” is checked for a supporting deposition, and the address for mailing is counsel’s address, without the listing of any suite number. At the same time, a letter was received from counsel, once again indicating she was the attorney for the defendant and includes the suite number of her business address.
Upon receipt of the demand for a supporting deposition, the request was referred to the Fifth Precinct of the Nassau County Police Department. Upon examination of the postmarked envelope, it appears the mailing of the supporting deposition occurred on or about November 20, 1995. However, the letter was returned to the Fifth Precinct marked, "returned to sender-attempted, not known.” The address on the envelope was the attorney’s name, and her accurate street and county address. The suite number was not included in the address.
The counsel for the defendant now moves to dismiss the action, based upon failure to serve the supporting depositions within the 30-day statutory period. It is interesting to note the defense counsel’s "blue back” for her motion papers does not include the suite number at the business address.
Pursuant to CPL 100.25 (2), the defendant may demand a supporting deposition of the complainant police officer. The demand is made within 30 days after (a) the defendant’s plea of not guilty or (b) upon the defendant’s receiving written notice of the defendant’s right to receive a supporting deposition. The statute further states, upon receiving a request, the court *191 must order the complainant police officer to serve a copy of the supporting deposition within 30 days of the date such request is received by the court, or at least five days before trial, whichever is earlier and to file such proof with the court (see generally, Morris, Bogle et al., Village, Town and District Courts in New York, 3-9 — 3-12 [1995]).
Failure to provide timely service of a supporting deposition will render the information insufficient on its face, requiring its dismissal. (CPL 100.40 [2]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept 1990].) However, the dismissal is without prejudice and may be refiled for a new prosecution. (People v Nuccio, 78 NY2d 102 [1991].)
Once the defendant is represented by counsel, it is the defendant’s attorney, and not the defendant, who should be served with the supporting deposition. (People v Rossi, 154 Misc 2d 616 [Just Ct, Nassau County 1992].)
In the case at bar, the question before the court concerns the sufficiency of defense counsel’s address and the appropriate onus on the parties to see that proper and diligent service takes place.
It is undisputed that of the numerous letters and forms provided to the court by the defense counsel, only one document indicated counsel’s suite number. Indeed, even the notice of appearance and the "blue back” of the defendant’s motion papers do not include the suite number. Of greatest significance is the absence of the suite number from the address included in the demand for the supporting deposition. It is this form that the police department relies upon when serving the supporting deposition.
While the People in criminal actions and plaintiff in civil actions will usually have the burden of service of process, there can be an exception where defendants have certain duties to keep proper and current addresses available.
Under Vehicle and Traffic Law § 505 (5), a motorist must notify the Commissioner of Motor Vehicles within 10 days of a change of address, and failure to do so will later estop a complainant of improper service. (Sherrill v Pettiford, 172 AD2d 512 [2d Dept 1991]; Burke v Zorba Diner, 213 AD2d 577 [2d Dept 1995].) In a similar case, a defendant doctor was estopped where he failed to report to the Division of Licensing his change of address. (Melton v Bratman Foot Care Group, 198 AD2d 481 [2d Dept 1993].)
In the cases of Sherrill, Burke, and Melton (supra), as in the case at bar, there is a level of responsibility on the defendant’s *192 part to provide sufficient information for an accurate address. Applying this principle to the case at bar, it is clear the defendant, who failed to provide the apparently critical suite number on her address, should, therefore, now be estopped from alleging this defense as a means to dismiss the action. In addition, the court notes the prejudice to the defendant to be minimal, if not nonexistent, as the trial date may be weeks away and defense counsel now has access to the supporting deposition.
Accordingly, the motion of the defendant, to dismiss the action, is denied.