OPINION OF THE COURT
Judith A. Rossiter, J.
Defendant, Michael Kirksey, has been charged with ag *515 gravated unlicensed operation of a motor vehicle in the third degree under Vehicle and Traffic Law § 511 (1) (a), a misdemeanor. There are three elements that the prosecution must prove in order to obtain a conviction: (1) that the defendant was actually operating a motor vehicle; (2) that the motor vehicle was on a public highway; and (3) that the defendant had knowledge that his or her privilege to operate a motor vehicle was suspended or revoked. (Carrieri, Practice Commentaries, McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 511, at 367.)
Greg Lake, defendant’s probation officer, testified that he became defendant’s probation officer on April 10, 2000. On May 3, 2000, he saw him driving down Com Street in a Jeep Cherokee in the City of Ithaca at approximately 5:00 p.m. He testified that at the corner of Corn and Green Streets he greeted the defendant, who was alone in the vehicle. Mr. Lake was standing on the sidewalk and defendant was approximately 20 feet away in the far lane. Prior to this date, Mr. Lake had met with the defendant four times for approximately 5 to 20 minutes on each occasion. Defendant testified that he first learned about his license suspension on July 6, 2000 from Mr. Lake. He denies receiving actual notice from the Department of Motor Vehicles. At the close of the People’s case, the defendant moved to dismiss on the grounds that the prosecution had failed to prove two of the essential elements: that defendant was, in fact, driving the vehicle and that defendant had knowledge of his license suspension. The court reserved on the motion and the defendant testified on his own behalf. The court has reviewed the taped record of the hearing and finds Mr. Lake’s testimony credible that the defendant was operating the Jeep Cherokee at approximately 5:00 p.m. on May 3, 2000 in the City of Ithaca. Therefore, the only question before the court is whether defendant had actual knowledge or “reason to know” that his driver’s license had been suspended under Vehicle and Traffic Law § 511 (1) (a). Vehicle and Traffic Law § 214 creates a:
“statutory presumption that the notice of suspension or revocation of the drivers license was mailed to the defendant if an affidavit of an employee of the Department of Motor Vehicles sets forth the procedure for issuance and mailing of the notice and if a copy of the notice and electronically generated record of entry of suspension or revocation are produced in court.” (Carrieri, Practice Commentar *516 ies, McKinney’s Cons Laws of NY, op. cit., at 363; People v Kollore, 151 Misc 2d 384.)
People’s exhibit 3 is the affidavit of regularity/proof of mailing prepared by an employee of the Department of Motor Vehicles setting forth the procedure for issuance of mailing of the order of suspension or revocation (People’s exhibit 4). The order of suspension in this case is dated May 7, 1999, addressed to the defendant at 420 East 73rd Street, apartment 19, in New York City 10021. Defendant testified that on the date the order was mailed, May 7, 1999, he resided at 408 South Aurora Street in Ithaca, and that that has been his address for the last 2V2 years. He testified that in December of 1998 he moved to Ithaca from his apartment in New York City, not notifying the Department of Motor Vehicles of the change of address. When he moved to Ithaca, he did not have a valid driver’s license, but applied for one in January or February of 1999. Prior to that, his license had been suspended from July 18, 1997 through January 6, 1999 for failure to pay child support. Defendant testified that he may have given the local Department of Motor Vehicles his former New York City address, even though he did not live there. When he did not receive his license, he reapplied at the Ithaca Department of Motor Vehicles branch and had the license sent to his local Ithaca address, 37 Uptown Road. He testified that he kept his New York City address on the license because it was “somewhat prestigious.” As of July 20, 2000, the defendant had failed to notify the Department of Motor Vehicles of his current address. Vehicle and Traffic Law § 505 (5) requires “every licensee to notify the commissioner in writing of any change of residence of such licensee within ten days after such change occurs and to make a notation of such change of residence on such license in the place provided by the commissioner.” Failure to so notify the Department will later estop any claim of improper service (People v Suarez, 167 Misc 2d 189). The court therefore finds that defendant failed to properly notify the Department of Motor Vehicles of his correct address at the time of his reapplications for his license in early 1999. Accordingly, the defendant has failed to rebut the presumption of proper notice created by Vehicle and Traffic Law § 214 and is estopped from claiming faulty service due to his failure to properly notify the Department of Motor Vehicles of his change of residence. Therefore, defendant is guilty as charged.
*517 The court hereby sentences defendant to time served and payment of a mandatory surcharge of $30 to be paid within 60 days of the date of this decision.