155 P.3d 363

STATE of Arizona, Appellee,

v.

Thomas A. CIFELLI, Appellant.

No. 1 CA–CR 06–0331.

Court of Appeals of Arizona,
Division 1, Department E.

April 5, 2007.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Lacey Stover Gard, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Craig W. Penrod, P.C. By Daniel N. Pawuk, Tempe, Attorneys for Appellant.

## OPINION

HALL, Judge.

¶ 1 Defendant was convicted of two counts of aggravated driving while under the influence of alcohol (aggravated DUI) following a bench trial. The issue on appeal is whether substantial evidence supports the trial court's determination that defendant, who failed to notify the Arizona Department of Motor Vehicles (the Department) of his change of address as statutorily required, received constructive notice of his license suspension when the Department mailed notice of the suspension to his last address of record. Because defendant's unawareness of his license suspension was attributable to his deliberate ignorance, we conclude that he should have known his driver license was suspended at the time that he was arrested for driving under the influence. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The facts underlying defendant's offenses are undisputed and were stipulated to at trial. On December 9, 2004, defendant drove his vehicle in Maricopa County while under the influence of intoxicating liquor. Defendant also had an alcohol concentration of 0.151 within two hours of driving.

¶ 3 Defendant was charged with aggravated DUI because his license had been suspended effective November 22, 2004. *See* Ariz.Rev.Stat. (A.R.S.) § 28–1383(A)(1) (Supp.2005). Defendant waived his right to a jury and the sole issue for the trial court's determination was whether he knew or should have known that his license was suspended. *See State v. Williams*, 144 Ariz. 487, 488–89, 698 P.2d 732, 733–34 (1985) (holding that offense of driving while under the influence of intoxicating liquor with a suspended license is not a strict liability offense: "The State must show that the driver knew or should have known that the license has been suspended.").

¶ 4 A deputy custodian of records for the Department testified that the Department mailed a notice to defendant on November 2, 2004 informing him that his license would be suspended effective November 22, 2004. The notice was mailed to defendant's last known address of record, a post office box in Scottsdale. The deputy custodian stated that the notice was generated by the Department's computer database after the Department received an administrative per se affidavit from the arresting police officer regarding defendant's previous DUI arrest in October 2004, which alleged that a sample of blood obtained from defendant yielded a test result of 0.108 alcohol concentration. *See* A.R.S § 28–

1385(G) (2006).[1]

¶ 5 After the records custodian testified, the State rested and defense counsel moved for judgment of acquittal pursuant to Arizona Rules of Criminal Procedure (Rule) 20, which the trial court denied. Defendant then testified that he never received the Department's notices and that he believed he held a valid driver license at the time he was arrested on December 9, 2004. Defendant explained that he moved repeatedly in 2004 and that he stopped receiving forwarded mail from the Scottsdale post office box as of September 2004. In further support of this claim, defense counsel presented as an exhibit a document from the Scottsdale Air Park Post Office stating that the forwarding of defendant's mail addressed to the Scottsdale post office box ceased on September 19, 2004, one year after defendant closed the box. Defendant acknowledged, however, that he "updated" his address so he could receive "bills that come regularly," otherwise, "they're not going to continue coming to you. But, like MVD doesn't—you hardly ever correspond with them, if ever."

¶ 6 Defendant also claimed that the Department was placed on notice that he was no longer using his post office box address because he provided a residential Scottsdale address (Pine Valley Road) to the officer that arrested him for his October 2004 DUI and that address appeared on the affidavit that the officer provided the Department. *See* A.R.S. § 28–448(C) (2004) (permitting the Department to update an address "if a traffic citation received by the department or [other] records ... indicate an address change after the date the address was stated in department records"). However, he admitted that he had sold the Pine Valley Road property and no longer lived there when he provided that address to the police officer.

¶ 7 Following defendant's testimony, defense counsel renewed his Rule 20 motion, arguing that defendant did not have the requisite knowledge that his license was sus-

pended. The trial court denied his motion, stating in relevant part:

> When we accept a license, we accept the responsibility to notify the Department of Motor Vehicles of how they can contact us. We accept their rules. We accept the fact that if a letter is sent to the last known address, we're responsible for that.
>
> . . . .
>
> I do not believe [defendant] received the letter. . . . That doesn't change his responsibility.
>
> I did listen to the testimony. I did make some evaluations about credibility in this instance.
>
> . . . .
>
> But I do believe that ... the State has proven beyond a reasonable doubt the defendant knew, or should have known, that his license was suspended.

Defendant then personally addressed the court and argued that the Department should have sent the suspension notices to his "correct address." In response, the trial court observed that the Pine Valley Road address that defendant gave the officer during his October 2004 arrest was not his correct address.[2]

¶ 8 The trial court found defendant guilty of both counts of aggravated DUI. At sentencing, the trial court ordered defendant to serve four months in prison, to be followed by two years of probation.

¶ 9 Defendant timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031, and –4033(A)(1) (2001).

## DISCUSSION

¶ 10 Defendant argues that the trial court erred by denying his motion for judgment of acquittal. Specifically, defendant contends that the trial court's finding that he did not receive the notices of suspension mandates an acquittal.

---

1. On December 7, 2004, the Department mailed defendant notice of another license suspension after he failed to appear on a traffic complaint. The second notice was also addressed to the Scottsdale post office box address.

2. When arrested in the current case on December 9, 2004, defendant provided the officer a residential address on North 90th Place in Scottsdale.

¶ 11 We review a trial court's denial of a motion for judgment of acquittal for an abuse of discretion. *State v. Hollenback*, 212 Ariz. 12, 14, ¶ 3, 126 P.3d 159, 161 (App.2005). However, we review de novo a trial court's legal conclusions regarding the statutory elements of a crime. *See State v. Newell*, 212 Ariz. 389, 397, ¶ 27, 132 P.3d 833, 841 (2006). "[W]e view the evidence in the light most favorable to supporting the verdict and will reverse only if there is a complete absence of 'substantial evidence' to support the conviction." *State v. Sullivan*, 187 Ariz. 599, 603, 931 P.2d 1109, 1113 (App.1996). If reasonable minds can differ on the inferences to be drawn from the evidence, a trial court has no discretion to enter a judgment of acquittal and must allow the case to proceed. *See State v. Landrigan*, 176 Ariz. 1, 4, 859 P.2d 111, 114 (1993).

¶ 12 Driving under the influence is a strict liability offense, but aggravated DUI based on a suspended license requires proof that the defendant drove a motor vehicle under the influence of alcohol while his license was suspended, and that he knew or should have known of the suspension. *State v. Williams*, 144 Ariz. at 489, 698 P.2d at 734. Pursuant to A.R.S. § 28–3318(A) (2004), the Department must provide written notice to a licensee informing him when his license is suspended. The written notice must be sent by mail to the address provided to the Department on the licensee's application, unless the licensee has notified the Department of a change in his address pursuant to § 28–448(A) (requiring licensees to "notify the department within ten days" of any change in address). § 28–3318(C). Pursuant to § 28–3318(D), "[s]ervice of the notice provided by this section is complete on mailing." Furthermore, § 28–3318(E) provides:

> Compliance with the mailing provisions of this section constitutes notice of the suspension, revocation, [or] cancellation … for purposes of prosecution under § 28–1383[.] The state is not required to prove actual receipt of the notice or actual knowledge of the suspension, revocation, [or] cancellation[.]

¶ 13 Although the statutory scheme establishes a presumption that the licensee has received notice, and therefore has actual knowledge, of his license suspension when the Department complies with the mailing requirement, this presumption is rebuttable and a defendant may demonstrate that he did not receive the notice. *See State v. Jennings*, 150 Ariz. 90, 94, 722 P.2d 258, 262 (1986). "[O]nce the state proves mailing of the notice of suspension, the state no longer has the burden to prove receipt of the notice or actual knowledge of its contents. The burden then shifts to the defendant to show that he did not receive the notice." *State v. Church*, 175 Ariz. 104, 108, 854 P.2d 137, 141 (App.1993).

¶ 14 Here, the deputy custodian of records testified that notice of the license suspension was mailed only to the Scottsdale post office box and defendant asserted, both directly and through other evidence, that he no longer received mail from that address. Following the presentation of evidence, the trial court, in its capacity as fact-finder, specifically found that defendant did not receive the notices of his license suspension. Therefore, because defendant successfully rebutted the statutory presumption, conviction was proper only if the State proved that defendant nonetheless knew or *should have known* that his license was suspended.

¶ 15 In finding defendant guilty of aggravated DUI, the trial court found that, had defendant complied with his statutory obligation to timely update his change of address with the Department, he would have received the notice of suspension and possessed the requisite knowledge. Accordingly, the trial court concluded that defendant knew or should have known his license was suspended and that his failure to receive the notices was entirely attributable to his statutory noncompliance. Defendant argues that this reasoning effectively eliminates the mens rea requirement for the offense of aggravated DUI while license suspended, thereby increasing the penalty for a misdemeanor DUI to a felony for failing to inform the Department of a change in address. The State counters that defendant may not "rely on his own negligence to excuse him from liability for aggravated DUI."

¶ 16 In Arizona, a license to operate a motor vehicle is a privilege subject to legislative mandate. *State v. Cabrera*, 202 Ariz. 296, 299, ¶ 13, 44 P.3d 174, 177 (App. 2002). Among the duties the legislature has placed on licensed operators is that of notifying the Department of any change in address within ten days of such change. § 28–448. It is well-settled in Arizona that actual notice of suspension is unnecessary; that is, a licensee is guilty of driving with a suspended license even if he only *should have known* that his license was suspended. *Jennings*, 150 Ariz. at 94, 722 P.2d at 262.

¶ 17 No Arizona case has addressed whether the "should have known" mens rea element for an aggravated DUI can be satisfied by evidence that the Department served notice of the suspension in compliance with § 28–3318 by mailing the notice to a licensee's address of record coupled with the licensee's failure to update a change of address as required by § 28–448.[3] Several states in which this issue has arisen have held, as the State argues we should do here, that the requirement of actual or constructive knowledge is satisfied by evidence that a license suspension has been mailed to the address provided by the defendant. *See, e.g., Roberts v. State*, 182 Ind.App. 430, 395 N.E.2d 802, 803 (1979) (holding defendant "disabled" the motor vehicle department from providing him actual notice of license suspension by failing to update his change of address; defendant's contrary argument "would place a premium on deception"); *Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638, 747 P.2d 1386, 1389–90 (1988) (holding that notice was sufficient when mailed to last known address; defendant

contending that he did not receive notice must show that "his failure to receive the letter was the result of something other than his own culpable or dilatory conduct"); *People v. Kirksey*, 186 Misc.2d 514, 718 N.Y.S.2d 583, 585 (City Ct.2000) (finding that defendant who failed to notify motor vehicle department of change in address is estopped from claiming lack of notice of suspended license); *Commonwealth v. Zimmick*, 539 Pa. 548, 653 A.2d 1217, 1222 (1995) (precluding defendant from arguing that he did not receive notice of license suspension sent to an incorrect or expired address when he failed to provide statutorily required notice of change of address: "To hold otherwise would provide a defendant with a windfall for his disregard of this Commonwealth's laws"); *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177, 193, 203 (2003) (stating defendant's lack of knowledge of license suspension "must be the result of something other than a defendant's wrongful or dilatory conduct" such as "failure to notify the Division of Motor Vehicles of a change in address"); *State v. Kemp*, 106 Wis.2d 697, 318 N.W.2d 13, 20 (1982) (holding that a defendant who failed to provide statutory notice of her change in address "may not challenge a notice mailed by the department to a previous address in order to defeat the requirement that the department mail the notice of suspension to her last known address").

¶ 18 In other jurisdictions, a finding of constructive knowledge requires something more than the mailing of the notice of suspension to the licensee's last known address coupled with evidence that the licensee merely neglected to update his address as required by statute. The Court of Special Appeals in Maryland, for example, has held

---

**3.** Former A.R.S. § 28–210(B) (1981), *repealed by* 1995 Ariz. Sess. Laws, ch. 132, § 1, required the Department to send license suspension notices via certified mail. In two previous cases, *State v. Rufenacht*, 157 Ariz. 10, 754 P.2d 339 (App. 1988), and *State v. Allen*, 124 Ariz. 500, 605 P.2d 902 (App.1979), we addressed whether the statutory presumption of receipt of notice would apply when the Department sent notices of suspension by registered or certified mail that were returned to the Department as "unclaimed." Because the "unclaimed" and returned notices demonstrated the defendants did not receive the notices, we held that the statutory presumption did not apply. *Rufenacht*, 157 Ariz. at 11, 754

P.2d at 340; *Allen*, 124 Ariz. at 502, 605 P.2d at 904. Accordingly, we then examined whether the defendants nonetheless knew or should have known their licenses were suspended. In *Rufenacht*, we held that the trial court was "required to dismiss the felony charge" because no evidence, other than the statutorily compliant mailing, was presented that the defendant "had notice that his license had been suspended." 157 Ariz. at 11, 754 P.2d at 340. In *Allen*, on the other hand, we upheld defendant's conviction because the arresting officer had informed defendant during a previous arrest that his license was suspended. 124 Ariz. at 502, 605 P.2d at 904.

that a person lacking actual knowledge that his license has been suspended may nonetheless be convicted of driving while his license was suspended if his unawareness was due to "deliberate ignorance" or "willful blindness." *Rice v. State*, 136 Md.App. 593, 766 A.2d 663, 669 (Ct.Spec.App.2001). Similarly, in Alaska, the state's compliance with statutory mailing provisions "may give rise to an inference that the defendant's failure to receive actual notice was the result of intentional or unreasonable conduct on his part which was calculated to avoid receipt of notice of his license suspension." *Jeffcoat v. State*, 639 P.2d 308, 313 n. 4 (Alaska Ct.App.1982). *See also State v. Collova*, 79 Wis.2d 473, 255 N.W.2d 581, 588 (1977) (imposing duty of due diligence on accused with respect to knowledge of facts relating to status of his driving privilege).[4]

¶ 19 The approach advocated by the State would permit the trier-of-fact to find that a defendant lacking actual knowledge of his license suspension nonetheless had reason to know of the suspension based on mere evidence showing that he failed to notify the Department of a change of address within ten days as required by § 28–448(A), which is a civil traffic violation. We believe that evidence of such neglect, standing alone, would not satisfy the *Williams/Jennings* mens rea requirement that a defendant have reason to know that his license was suspended. *See State v. McCallum*, 321 Md. 451, 583 A.2d 250, 255 (1991) (Chasanow, J., concurring) ("Deliberate ignorance requires a conscious purpose to avoid enlightenment; a showing of mere negligence or mistake is not sufficient."). Instead, there must be additional evidence from which a reasonable trier-of-fact could infer that defendant had reason to know that his license was suspended. *Cf. Allen*, 124 Ariz. at 502, 605 P.2d at 904 (concluding the statutory presumption was "clearly not applicable," but nonetheless affirming defendant's conviction because other evidence showed that he knew his license was suspended).

¶ 20 In this case, the evidence established that the Department complied with § 28–3318 by mailing the notice of suspension to defendant's last known address, but the trial court found that defendant rebutted the statutory presumption of receipt of notice with evidence that he never actually received the notice. The record contains additional substantial evidence, however, that defendant had reason to know that his license was suspended. When he was arrested for his first DUI in October 2004, only two months before the present offense, he was no longer residing at the Pine Valley Road address that he provided the officer. Moreover, the arresting officer advised defendant that his driver license would be suspended if his blood sample tested at a .08 or higher alcohol concentration. These circumstances, when viewed in light of defendant's testimony that he saw no need to notify the Department of his address changes, reflect more than mere neglect; rather, they demonstrate a level of deliberate ignorance regarding the status of his license that is the substantial equivalent of having reason to know that his license was suspended. Accordingly, we conclude that the trial court did not commit legal error in finding substantial evidence that defendant had reason to know that his license was suspended.

### CONCLUSION

¶ 21 For the foregoing reasons, defendant's convictions and sentences are affirmed.

CONCURRING: ANN A. SCOTT TIMMER and MICHAEL J. BROWN, Judges.

---

4. Still other jurisdictions have rejected the concept of constructive knowledge and require that a defendant have actual knowledge of a license suspension before he can be found liable for the offense or element of driving while his license is suspended. *See, e.g., In re Murdock*, 68 Cal.2d 313, 66 Cal.Rptr. 380, 437 P.2d 764, 766 (Cal. 1968) (rejecting claim of constructive notice when motor vehicle department sent notice to defendant's last known address and defendant did not receive it because he failed to timely update his change of address; holding actual notice is required); *State v. Green*, 351 N.W.2d 42, 45 (Minn.Ct.App.1984) (offense of willfully driving after a suspension requires actual knowledge of suspension; letter mailed to defendant's last reported address insufficient to show defendant knew of his suspension when he never received actual notice).