NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARTHUR MONTOYA, JR., *Appellant.*

No. 1 CA-CR 14-0415
FILED 11-24-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-155003-001
The Honorable Brian Kaiser, Judge Pro Tem, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**G E M M I L L**, Judge:

¶1        Arthur Montoya Jr. appeals his convictions and sentences imposed for two counts of aggravated driving under the influence ("DUI"). Montoya contends the trial court erred in instructing the jury regarding a presumption of receipt of notice and in denying his motion for a directed verdict. For the following reasons, we affirm.

**BACKGROUND**

¶2        We view the evidence in the light most favorable to upholding the jury verdicts, and we resolve all reasonable inferences in favor of the prevailing party. *State v. Mitchell*, 204 Ariz. 216, 217, ¶ 3 (App. 2003).

¶3        On December 22, 2011, Arizona Department of Public Safety Officer B.H. served Montoya with an affidavit informing him that his Arizona driver's license would be suspended for one year, effective January 6, 2012 — fifteen days from the date served. The affidavit also stated that the suspension would be effective until all of the reinstatement requirements were met. Officer B.H. read each section of the affidavit to Montoya aloud, verbatim, and gave him a copy of the affidavit.

¶4        On January 9, 2012, Montoya went to a Motor Vehicle Division ("MVD") office and applied for an Arizona Identification Card. In his application, Montoya noted that his license had been suspended. The MVD could not find record of his suspension in its system, however, and issued him an Arizona driver's license instead of an identification card. The MVD did not receive notice of Montoya's suspension until January 11 and did not thereafter send Montoya written notice of his suspension.

¶5        In July 2012, Montoya was stopped for suspicion of DUI. An officer ran Montoya's driver's license and found that it was suspended. When asked by officers, Montoya told them he believed his license was not suspended or revoked. Montoya was charged with two counts of

aggravated DUI — both counts "aggravated" because his license was suspended.

¶6         After several days of trial, the jury returned guilty verdicts on Count 1, aggravated DUI, and Count 2, aggravated DUI with an alcohol level of .08 or higher.  The trial court sentenced Montoya to eight years for each count, to run concurrently, with credit for time served.  Montoya timely appeals, and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶7         Montoya asserts two arguments.  First, he contends that the trial court abused its discretion when it instructed the jury — over his objection — on the presumption of receipt of notice.  Second, Montoya claims that the trial court erred in denying his motion for directed verdict of acquittal because there was no evidence that he knew or should have known that his license was suspended.

## I.      Jury Instruction

¶8         We review the trial court's decision to give a jury instruction for abuse of discretion, but we review de novo whether the instruction correctly states the law.  *State v. Tarr*, 235 Ariz. 288, 291-92, ¶ 9 (App. 2014).  A jury instruction "need only be 'substantially free from error.'"  *State v. Zaragoza,* 221 Ariz. 49, 53, ¶ 15 (2009) (quoting *State v. Cox,* 217 Ariz. 353, 356, ¶ 15 (2007)).  If we determine an error occurred in an instruction to which a defendant objected, we then review whether the error was harmless.  *See State v. Solis*, 236 Ariz. 285, 287, ¶ 12 (App. 2014).  For an error to be harmless, the State must show "beyond a reasonable doubt that the error did not contribute to or affect the verdict."  *State v. Valverde*, 220 Ariz. 582, 585, ¶ 11 (2009).

¶9         To prove the alleged aggravated DUI offenses, the State was required to prove that Montoya knew or should have known in July 2012 that his license was suspended.  *See State v. Williams*, 144 Ariz. 487, 489 (1985) (interpreting former A.R.S. § 28-692.02).  The trial court instructed the jury regarding a presumption of knowledge of suspension, as follows:

**PRESUMPTION OF RECEIPT OF NOTICE**

In order to prove that the defendant knew or should have known that his license or privilege to drive was suspended, the State must prove one of the following:

1. The defendant received or was served with personal notice of the suspension; *or*

2. The defendant was mailed notice of the suspension by the Arizona Department of Motor Vehicles.

The State is not required to prove actual knowledge of the suspension. Notice of a suspension gives rise to a presumption that the defendant has knowledge of the suspension. That presumption can be rebutted by other evidence.

You are free to accept or reject this presumption as triers of fact. You must determine whether the facts and circumstances shown by the evidence in this case warrant any presumption that the law permits you to make. Even with the presumption, the State has the burden of proving each and every element of the offense beyond a reasonable doubt before you can find the defendant guilty.

**¶10** Montoya argues that this instruction was misleading and an incorrect statement of law. The instruction provides two prongs by which the State might have proved Montoya knew or should have known his license was suspended. Both prongs, separately, are accurate expressions of the law. Considering the first prong, as this court recognized in *State v. Ekmanis*, 180 Ariz. 429, 431-32 (App. 1994), personal service of notice of suspension by an officer — such as that given to Montoya by Officer B.H. — is sufficient to provide notice. *See* A.R.S. § 28-1321(B), (G). Regarding the second prong, service mailed from the MVD is considered sufficient to provide notice of suspension under A.R.S. § 28-3318. *See also State v. Cifelli*, 214 Ariz. 524, 527, ¶ 12 (App. 2007).

**¶11** Applied to mailing of notice of suspension of a license, the second half of the instruction correctly explains the presumption and appropriately instructs the jury on the burden of proof. *See Cifelli*, 214 Ariz. at 527, ¶ 13. As written, however, the instruction also applies the

presumption to personal service. We are not aware of any case or statute that applies the presumption of knowledge to personal service and the State has not cited any such case or statute in its answering brief on appeal. But we need not decide whether that presumption is properly applied to personal service, as opposed to service by mailing, because even assuming that aspect of the instruction was legally incorrect, any such error was harmless.

¶12        Montoya contends that applying the presumption to personal service "injected unnecessary confusion into the jury instructions." We disagree. *See State v. Sucharew*, 205 Ariz. 16, 26, ¶ 33 (App. 2003) ("We will not reverse a conviction, based on a claim of error with respect to jury instructions, 'unless we can reasonably find that the instructions, when taken as a whole, would mislead the jurors.'") (quoting *State v. Strayhand*, 184 Ariz. 571, 587 (App. 1995)).

¶13        The record in this case shows that the jury instructions were quite clear when taken as a whole. The instruction on the presumption of knowledge properly stated that the presumption could be rebutted by other evidence, the jury was free to accept or reject the presumption, and the State had the burden of proving each element beyond a reasonable doubt. The instruction is not misleading, unfair, or confusing. Additionally, the State did not rely on the presumption in its closing arguments and did not even mention the presumption, focusing instead on the proper burden of proof and the facts supporting personal notification of the suspension. The record also shows that the jury did not ask any questions about the presumption instruction during its deliberations.

¶14        The State acknowledged that the MVD did not mail notice of suspension to Montoya, so the jury would have no reason to apply the second prong of the instruction, regarding mailing. As the trial court explained in the standard instructions to the jury:

> You must consider all these instructions. Do not pick out one instruction, or part of one, and ignore the others. As you determine the facts, however, *you may find that some instructions no longer apply*. You must then consider the instructions that do apply, together with the facts as you have determined them.

(Emphasis added).

We will generally assume that a jury follows its instructions. *See State v. Manuel,* 229 Ariz. 1, 6, ¶ 24 (2011).

¶15        Furthermore, because Montoya acknowledged that his license was suspended when he applied for an identification card at the MVD, the presumption instruction was not necessary, but neither was it harmful.

¶16        On this record and for all of these reasons, we conclude that the presumption instruction, even if legally incorrect, was harmless beyond a reasonable doubt and did not mislead the jury.

## II.    Motion for Directed Verdict

¶17        We review de novo a trial court's denial of a motion for judgment of acquittal. *State v. Harm,* 236 Ariz. 402, 406, ¶ 11 (2015). Under Arizona Rule of Criminal Procedure 20(a) ("Rule 20") the trial court "shall enter a judgment of acquittal" after the close of evidence if "there is no substantial evidence to warrant a conviction." Substantial evidence "is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Id.* (quoting *State v. West,* 226 Ariz. 559, 562, ¶ 16 (2011)) (internal quotes omitted).

¶18        Montoya argues that the trial court erred in denying his Rule 20 motion. Montoya acknowledges on appeal that he received personal notice of his one-year suspension. Nevertheless, he argues there was no evidence that he knew or should have known of the suspension because the MVD issued him a driver's license after the date of suspension according to the affidavit, and the MVD did not thereafter inform him of the suspension after it received the affidavit and entered the suspension into its records. However, the record demonstrates that Montoya was given personal notice of his one year suspension more than two weeks before he went to the MVD.

¶19        Although Montoya contends that his knowledge based on personal service was negated by the MVD's issuance of a license to him after the date the affidavit said his license would be suspended, reasonable jurors could conclude that such personal service was adequate to show that Montoya knew or should have known his license was suspended for a one-year period. Based on Officer B.H.'s testimony that he orally advised Montoya on December 22, 2011, that his license would be suspended in 15

days and provided Montoya with written confirmation at that time, the trial court did not abuse its discretion by denying Montoya's Rule 20 motion.

## CONCLUSION

¶20      Based on the foregoing, we affirm Montoya's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama