NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JORGE LUIS CALDERON, *Appellant*.

No. 1 CA-CR 17-0412
FILED 8-28-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201500883
The Honorable Billy K. Sipe Jr., Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Lawrence F. Winthrop joined.

**M c M U R D I E**, Judge:

**¶1**　　　Jorge Luis Calderon appeals his conviction and sentence for aggravated driving a vehicle while under the influence of a drug ("DUI"). He argues three reversible errors occurred during his trial. First, the superior court erred by instructing the jury that notice of his license suspension could be presumed upon mailing. Second, he claims there was insufficient evidence he knew his driver's license was suspended. Finally, the court erred by failing to instruct the jury that it could find Calderon guilty of a lesser-included offense. For the following reasons, the conviction and sentence are affirmed.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**　　　Calderon, whose driver's license was suspended in California, was driving on a highway in Arizona when he rear-ended a police vehicle. Law enforcement noticed Calderon exhibited signs of impairment; and his blood samples confirmed the presence of drugs.

**¶3**　　　Calderon was found guilty of aggravated DUI. He was placed on probation and ordered to serve four months in prison. He timely appealed his conviction and sentence. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]　　　We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Calderon. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015).

**DISCUSSION**

I.    **The Superior Court Did Not Err by Instructing the Jury It Could Presume Calderon had Notice of His License Suspension.**

¶4    To be convicted of aggravated DUI based on a suspended license, the evidence must show the defendant drove the motor vehicle when he knew or should have known his license was suspended. *State v. Cifelli*, 214 Ariz. 524, 527, ¶ 12 (App. 2007). The court instructed the jury it could presume Calderon received notice of the suspension if it determined that a suspension notice was mailed to his address in California. Because this instruction was based on Arizona's notice law and not California's notice law, Calderon argues the provision of the instruction was error. Calderon did not object to the jury instruction, so we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).

¶5    In Arizona, notice of license suspension is effective according to the laws of the issuing state. A.R.S. § 28-1383(C). Calderon's license issued from California. According to California law, if the notice of suspension is mailed to the person's address, knowledge of the suspension is presumed. Cal. Veh. Code § 13106(a). Although the instruction did not specifically reference California law, the presumption in the jury instruction accurately stated the law.

¶6    The facts presented by the State likewise supported giving the instruction. One month before the accident, notice of Calderon's license suspension was mailed to his address. At that point, under both California and Arizona law, Calderon presumptively received the notice. The superior court did not err by accurately instructing the jury on this presumption.

¶7    Calderon also argues the court should not have instructed the jury on the presumption because his testimony rebutted it. However, the mailing of the suspension notice provided the "slightest evidence" needed to give the jury the instruction. *See State v. Almeida*, 238 Ariz. 77, 79, ¶ 9 (App. 2015) ("The 'slightest evidence' is sufficient [to give a jury instruction]). Further, the wording of the instruction enabled the jury to reject the presumption if it found his testimony credible. We find no error.

II.    **Sufficient Evidence Showed Calderon Knew or Should Have Known His License was Suspended.**

¶8    Calderon argues there was insufficient evidence to prove his knowledge of the license suspension. Calderon testified he was not aware

of the suspension because he was not living at the California address where the notice of license suspension was sent. In reviewing the sufficiency of the evidence, we determine whether there is substantial evidence from which a reasonable trier of fact could have found guilt beyond a reasonable doubt. *State v. Routhier*, 137 Ariz. 90, 99 (1983).

**¶9**         The record contains sufficient evidence to support the jury's verdict. Following his arrest, Calderon provided the California address as his present address for his booking paperwork, and stated he had been living at that address for ten years. Calderon never notified the California Motor Vehicle Department of any other address. The jury was not bound to believe Calderon's testimony regarding where he was living. A rational jury could have rejected Calderon's testimony and found Calderon knew or should have known about his license suspension.

### III.    The Superior Court Did Not Err by Failing to Give the Jury a Lesser-Included Offense Instruction.

**¶10**         Calderon also argues the court committed fundamental error because it did not provide a lesser-included jury instruction. The court asked Calderon on three different occasions if he was requesting a lesser-included jury instruction. Each time Calderon told the court he did not want the instruction. As the Arizona Supreme Court has stated, "[w]hen both parties object to a lesser included offense instruction, the trial court should be loath to give it absent compelling circumstances to the contrary." *State v. Gipson*, 229 Ariz. 484, 487, ¶ 17 (2012). Here, both parties agreed they did not want the court to give a lesser-included offense jury instruction for the aggravated DUI charge. The court did not give the instruction. Given the parties' agreement, and the lack of compelling circumstances to include such an instruction, the court's decision was not error.[2]

---

[2]         The State argues the invited-error doctrine should apply, precluding review of Calderon's claim. Under the invited-error doctrine, a party that causes or initiates the error is prevented from "profiting from the error on appeal." *State v. Lucero*, 223 Ariz. 129, 136, ¶ 17 (App. 2009). Because there was no error, we do not need to determine whether Calderon's actions amount to an invited-error. *See id.* at 134, ¶ 12 ("Before we may rule on an error under either the invited error standard or the fundamental error standard, we must first determine that there has been error.")

## CONCLUSION

¶11      Calderon's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA